IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TANIA RIVERA CRUZ, IAN TIRADO RIVERA  **Plaintiffs,**  V.  HOGAR BELEN 2, INC.,  **Defendant.** | CIVIL NO. 23-1298  VIOLATIONS TITLE III OF ADA  AND DEMAND FOR JURY TRIAL |

## COMPLAINT

TO THE HONORABLE COURT:

Comes now, the Plaintiffs through the undersigned attorney and very respectfully STATES, ALLEGES AND PRAYS as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil action seeking damages and injunctive relief on behalf of the plaintiffs, Ian Tirado Rivera, a mentally disabled individual, and his mother Tania Rivera Cruz arising from the discriminatory actions and negligence of the defendant, Hogar Belen 2 Inc., a care center and public accommodation entity. Defendant violated the plaintiffs' rights under the Americans with Disabilities Act (ADA) by failing to provide adequate care, appropriate training, and proper supervision to ensure the safety and well-being of its residents, including Ian Tirado-Rivera. As a result of Defendant's negligence and discriminatory conduct, Ian Tirado-Rivera suffered physical and emotional harm, including a fractured left arm caused by an assault perpetrated by an employee of Defendant. The plaintiffs seek compensatory and punitive damages, injunctive relief,

attorney's fees and any other appropriate relief to remedy the Defendant's unlawful actions and to prevent future incidents of discrimination and negligence.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, for Plaintiffs' claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the Puerto Rico Civil Code negligence liability statutes 31 L.P.R.A. §§10801 and 10805.

4. Venue is properly with the District under 28 U.S.C. § 1391(b) as the Plaintiff and Defendants reside, and the events or omissions giving rise to the claims occurred in the District of Puerto Rico.

## III. PARTIES

5. Plaintiff Tania Rivera Cruz is the mother and legal custodian of Ian Tirado Rivera.

6. Plaintiff Ian Tirado Rivera is mentally disabled and a member of a protected class under the ADA, 42 U.S.C § 12102(1)-(2) and the regulations implementing the ADA set forth at 28 CFR § 36.101, *et seq.*

7. Plaintiffs are and have been at all times material hereto a resident of the Commonwealth of Puerto Rico.

8. Defendant Hogar Belen 2, Inc. is a corporation created and operating under the laws of the Commonwealth of Puerto Rico. Its principal office is located at Road no. 818 Km. 2.6, Barrio Cibuco, Corozal P.R. 00783, and its mailing address is P.O. Box 209, Corozal, P.R. 00783.

9. Defendants operate a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7).

## IV. FACTUAL ALLEGATIONS

10. On or about July 5, 2022, plaintiffs Tania Rivera-Cruz and her mentally disabled son, Ian Tirado-Rivera, visited Hogar Belen 2 Inc. for the purpose of assessing the facility and making arrangements for Ian's care.

11. At the time of the visit, Mr. Wilfredo Ayala, an officer of Hogar Belen 2 Inc., assured the plaintiffs that Tania would be able to visit, call, and celebrate Ian's birthday at the care center.

12. On August 1, 2022, Ian Tirado-Rivera became a permanent resident at Hogar Belen 2 Inc.

13. Hogar Belen 2 Inc., as a care center, is considered a public accommodation under the Americans with Disabilities Act (ADA) and is subject to the provisions and requirements of the ADA.

14. Defendant failed to provide adequate supervision and proper training for its employees, including the employee who caused Ian's injury.

15. Defendant did not have appropriate protocols in place to prevent harm to its residents, including Ian Tirado-Rivera.

16. On or about October 2, 2022, Ian Tirado-Rivera was assaulted by an employee of Defendant. The employee, lacking proper training, threw Ian to the ground, twisted his left arm, and placed a knee on his back and arm, causing a fracture of the shaft of the humerus in his left arm.

17. Despite the severity of the injuries suffered, Ian's mother was not notified but until the next day.

18. As a direct result of the assault by Defendant's employee, Ian suffered physical injuries, emotional distress, and other damages.

19. The employee of Defendant who assaulted Ian Tirado-Rivera was inadequately trained and ill-prepared to deal with the unique needs and challenges associated with caring for mentally disabled patients, such as Ian.

20. Defendant repeatedly denied Tania Rivera-Cruz's requests to visit and call her son at the care center, causing further emotional distress and suffering for the plaintiffs.

21. Tania Rivera-Cruz, as Ian's mother and primary caretaker, also suffered emotional distress and other damages as a result of Defendant's discriminatory actions.

22. Defendant was negligent in its duty to provide adequate care for Ian Tirado-Rivera by failing to ensure that its employees were properly trained and supervised.

23. Defendant failed to implement and maintain appropriate policies, procedures, and protocols to ensure the safety and well-being of its residents with mental disabilities, including Ian Tirado-Rivera.

24. Defendant's inadequate supervision of its employees, including the lack of proper training to properly care for and adequately treat individuals with mental health issues, directly contributed to the assault on Ian Tirado-Rivera and the resulting physical injuries he sustained.

25. Defendant's officers and employees were aware, or should have been aware, of the potential risks posed by its inadequate supervision and lack of proper training for its employees yet failed to take appropriate measures to address these issues.

26. The personnel of Hogar Belen 2 Inc. conspired to withhold information from the plaintiffs regarding the assault on Ian Tirado-Rivera, and the circumstances surrounding his injuries, in an effort to conceal their negligence and avoid liability.

27. Prior to the event of October 2, 2022, and on multiple occasions, Defendant deliberately suspended visits to Plaintiff Ian Tirado-Rivera by his mother, Tania Rivera-Cruz, as a form of punishment. This cruel and unjust action served to further isolate Ian from his support system and caused both Ian and his mother significant emotional distress.

28. Prior to the event of October 2, 2022, and on multiple occasions, Defendant deliberately withheld food from Plaintiff Ian Tirado-Rivera as a form of punishment, exacerbating his vulnerability as a mentally disabled individual and causing him undue distress, hunger, and physical discomfort.

29. On information and belief, employees of Defendant engaged and continue to engage in the mistreatment of residents with mental disabilities, including withholding food and subjecting them to physical abuse, taking advantage of the victims' inability to effectively communicate or report such violations, and abuses.

30. Furthermore, Defendant lacks proper oversight and fails to implement necessary protocols to prevent and address such abuses, thereby perpetuating this harmful conduct within the care center.

## V. CAUSES OF ACTION

### Count I
### Violation of 42 U.S.C. § 12181, *et seq.* – *Title III of the ADA*

28. Plaintiffs realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

29. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or

accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

30. Title III of the ADA further defines discrimination to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

31. Defendant, as a care center and public accommodation entity under Title III of the ADA, failed to make reasonable modifications in policies, practices, or procedures necessary to afford proper care, treatment, and accommodations to individuals with disabilities, such as Ian Tirado-Rivera. This includes, but is not limited to, the failure to provide adequate training to employees, the mistreatment of residents, the withholding of food, and the suspension of visits as punishment.

32. Furthermore, Defendant's failure to implement necessary protocols and oversight to prevent and address instances of abuse and neglect, such as those experienced by Ian Tirado-Rivera, constitutes a failure to make reasonable modifications in policies, practices, or procedures as required by 42 U.S.C. § 12182(b)(2)(A)(ii). The Defendant's refusal to make these modifications has directly harmed the Plaintiffs and denied Ian Tirado-Rivera the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations to which he is entitled under Title III of the ADA.

33. As a direct and proximate result of Defendant's actions and inactions, which constitute violations of Title III of the ADA, the Plaintiffs have suffered and continue to suffer physical and emotional injuries, damages, and losses. The Plaintiffs are entitled to

relief, including compensatory damages, injunctive relief, and attorneys' fees and costs, as provided under the ADA and applicable law.

34. Defendants have failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

35. Modifying Defendant's policies, practices, and procedures to better accommodate and protect the rights of individuals with mental disabilities, such as Ian Tirado-Rivera, would not fundamentally alter the nature of Defendant's business. Implementing necessary modifications, such as proper employee training, adequate supervision, and effective protocols to prevent and address abuse and neglect, would not pose an undue burden on Defendant.

36. Unless the Court enjoins Defendants from continuing to engage in these unlawful practices, Plaintiff and other residents with similar mental health issues will continue to suffer irreparable harm.

37. The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

38. Plaintiff is also entitled to reasonable attorneys' fees and costs.

39. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## Count II
## Negligence Liability under Puerto Rico Civil Code Art. 1536

40. Plaintiffs realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

41. A person who, through fault or negligence, causes harm to another is obligated to remedy the harm caused. 31 L.P.R.A. §10801.

7

42. Employers are responsible for the damages caused by the fault or negligence of their employees while performing their duties or in connection with their functions within the scope of their employment. 31 L.P.R.A. §10805.

43. Defendant is legally responsible for the actions and omissions of its employees that directly led to the physical assault on Ian Tirado-Rivera and the resulting emotional distress suffered by both Ian and his mother, Tania Rivera-Cruz. The employee's negligence and misconduct in handling and treating Ian, a mentally disabled individual, were committed within the scope of their employment and in connection with their duties at the care center.

44. As a result of Defendant's failure to properly train, supervise, and manage its employees, as well as its failure to implement effective policies and procedures to prevent and address abuse and mistreatment, the harm caused to Ian Tirado-Rivera and his mother could have been avoided. Defendant's liability for the actions of its employees extends to the compensation owed to Ian and Tania for the physical, emotional, and psychological damages they have suffered as a direct consequence of the employee's misconduct.

45. The assault on Ian Tirado-Rivera by Defendant's employee not only led to emotional and psychological harm but also resulted in a significant physical injury: a fracture of the shaft of the humerus in Ian's left arm. This fracture, which was a direct consequence of the employee's negligent and abusive conduct, has caused Ian to endure pain, suffering, and potential long-term complications. Defendant is therefore obligated to provide compensation for this physical injury, as well as the emotional and psychological damages suffered by both Ian and his mother, Tania Rivera-Cruz.

**Whereof,** Plaintiffs respectfully request relief as follows:

a) A preliminary and permanent injunction to prohibit Defendants from violating the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq.;

b) Enjoin Defendants from implementing or enforcing any policy, procedure, or practice that discriminates against mentally disabled individuals;

c) Order Defendant:

    i. to develop, implement, promulgate, and comply with a company policy and training process which: includes clauses for anti-discrimination and anti-harassment against residents and patients with disabilities, particularly those with mental health issues; requires all employees, supervisors, and administrators to comply with and sign said policy and to train their personnel on said policy; prohibits future discrimination against individuals with disabilities by educating its staff about the unique needs and treatment of individuals with disabilities; and promotes a culture of providing all residents, disabled and non-disabled alike, with equal respect, care, and service;

    ii. to develop, implement, promulgate, and comply with protocols, training, and policies for reporting, accountability, and transparency when incidents of abuse or mistreatment of individuals with disabilities occur, which shall include: clear guidelines on the identification and reporting of such incidents; mandatory training for all employees, supervisors, and administrators to understand and comply with these protocols; ensuring timely communication and cooperation with family members or guardians of the affected individuals; and establishing a system of internal and external oversight and monitoring to prevent future

occurrences of abuse or mistreatment and to ensure the safety, well-being, and dignity of all residents, particularly those with disabilities.

d) Compensatory damages in the amount of $500,000.00 for damages suffered by Plaintiffs;

e) Reasonable attorney's fees and costs;

f) Such other and further relief as the Court may consider just and appropriate.

**Plaintiffs hereby demand a jury trial.**

In San Juan, Puerto Rico, on this date of June 6, 2023.

**Respectfully Submitted**

s// *Joel A. Ayala Hernández*
**JOEL A. AYALA HERNÁNDEZ**
US DC No. 307004
PO Box 538
Bayamon, PR 00960-0538
Tel.:(939)383-1880
Fax: (833) 958-2790
Email: ja@ayalahernandez.com